STATE v. WHITLEY.

(Filed April 17, 1906).

*Seduction Under Promise of Marriage—Indictment—Suffi-
ciency —Evidence —Statements of Prosecutrix —Charac-
ter—Chastity—Innocent and Virtuous Woman.*

1. An indictment for seduction under promise of marriage, under
   Revisal, section 3354, alleging that defendant feloniously seduced
   prosecutrix, an innocent and virtuous woman, under promise of
   marriage to the prosecutrix made by the defendant, is not
   defective on the ground that it does not allege a marriage con-
   tract.

2. In an indictment for seduction under promise of marriage, it was
   competent for the prosecutrix to testify under what inducements
   and circumstances she yielded to defendant.

3. In an indictment for seduction under promise of marriage, state-
   ments made by the prosecutrix to her mother after the seduction
   that defendant had promised to marry her, and that she loved
   him, were competent to corroborate her testimony on the trial.

4. In an indictment for seduction under promise of marriage, it was
   competent to ask a State's witness, on cross-examination, who
   had not testified as to the general character of the prosecutrix,
   whether there was not a report in the neighborhood derogatory
   to her character.

5. In an indictment for seduction under promise of marriage, the
   court correctly charged the jury that evidence that prosecutrix
   permitted familiarities not amounting to incontinence in fact
   was a matter to be considered by them in passing upon the
   question whether she was a virtuous woman.

6. In an indictment for seduction under promise of marriage, the court
   correctly charged that a virtuous woman is one who has never
   had illicit intercourse with any man, and that an innocent
   woman means that, although there may have been a marriage
   contract, yet if the prosecutrix yielded on account of lust or
   from any other motive than of the promise of marriage, she
   would not be innocent within the meaning of the statute.
   Whether or not His Honor did not interchange the words vir-
   tuous and innocent, the defendant cannot complain of a harmless
   error.

STATE *v.* WHITLEY.

INDICTMENT for seduction under promise of marriage against C. D. Whitley, heard by *Judge W. B. Councill* and a jury, at the January Term, 1906, of the Superior Court of STANLY. From the judgment pronounced on the verdict of guilty, the defendant appealed.

The indictment alleged that on a designated day defendant did with force and arms at and in a certain county unlawfully, wilfully, and feloniously seduce one Flora C. Eudy, an innocent and virtuous woman, under promise of marriage to the said Flora C. Eudy, made by him, the said Devotion Whitley, against the form of the statute, and the peace and dignity of the State. Defendant moved in arrest of judgment on the ground that the indictment did not allege a marriage contract because the allegation following the statement that the seduction was under a promise of marriage reduced the effect of the allegation as to promise to a mere proposition on the part of one of the parties. On trial the mother of prosecutrix was allowed to testify that after she discovered her daughter to be pregnant the daughter had told her that defendant had promised to marry her and that she loved him. On cross-examination of one of the witnesses for the State the defendant's counsel asked the witness if he had not heard a report in the community that prosecutrix would permit young men to take indecent liberties with her. The question was excluded, and defendant excepted.

*Robert D. Gilmer, Attorney-General,* for the State.
*R. L. Smith, Adams, Jerome & Armfield* and *J. R. Price* for the defendant.

CLARK, C. J. The indictment follows the exact words of the statute. Revisal, sec. 3354. The added words are mere surplusage and do not affect the bill. Revisal, sec. 3254, forbids the arrest of judgment "by reason of any informality or refinement."

In *State v. Ferguson,* 107 N. C., 850, the court says: "The crime does not consist in the sexual intercourse nor in the seduction, nor in the innocence and virtue of the woman, but in committing the act under *promise of marriage,* without which no crime is created by the statute, and which alone makes the seduction criminal." It was clearly competent for the prosecutrix to testify under what inducement and circumstances she yielded to the defendant, the truth of her statement being a matter for the jury.

The statements made by the prosecutrix to her mother were competent to corroborate her testimony on the trial. As to the fourth and fifth exceptions, the witness had not testified as to the general character of the prosecutrix, and it was not competent to ask him (unless perhaps on cross-examination if he had been such character witness) whether there was not a report in the neighborhood derogatory to her character. If she were not a virtuous and innocent woman, that fact could not be shown by hearsay, by a mere report that she had permitted, on a certain occasion, familiarities to be taken with her person, not amounting to sexual intercourse.

The first special instruction asked by the defendant was properly refused. If the prosecutrix had permitted the familiarity recited in the prayer, it did not amount to incontinence in fact, and the court could not tell the jury that it amounted to such as a matter of law, but correctly told the jury that evidence of such conduct, if believed, was a matter to be considered by them in passing upon the question whether she was a virtuous woman within the meaning of the statute. This indeed was in accord with the second prayer of the defendant, which was substantially given.

The seventh exception cannot be sustained. In *State v. Crowell,* 116 N. C., 1058, the court said: "The law looks at conduct and motive only as shown by conduct, and not at thoughts undisclosed and natural impulses not acted on.

The precedents sustain the definition given by the court, that an innocent and virtuous woman is one who never had illicit intercourse with any man and who is chaste and pure (*State v. Ferguson,* 107 N. C., 841), and properly refused to go further and charge that the prosecutrix must have had 'a mind free from lustful and lascivious desires.' " A woman may not resent language and familiarities in some stations in life, which conduct in other circumstances and surroundings would lead a jury to infer that she was not virtuous and innocent. Such testimony does not amount in law to her being not a virtuous and innocent woman, and the court could go no further than to leave the evidence to the jury. Any inference that could be drawn from it is an inference of fact, and could be drawn only by the jury, not by the court. A woman may use vulgar language and submit to familiarities, if such is the custom of her society, and yet be of impregnable virtue. "Bundling," where it is the custom, is no proof of immorality, though it would be strong evidence where such custom is unknown.

The court refused a prayer, "that in order to find from the evidence that the prosecutrix is not a virtuous woman, it is not necessary for the jury to find that she had ever had actual sexual intercourse with any other person than the defendant," and correctly charged that "a virtuous woman is one who had never had illicit intercourse with any man," and that "an innocent woman means that, although there may have been a marriage contract, yet if the prosecutrix yielded on account of lust or from any other motive than of the promise of marriage, she would not be innocent within the meaning of the statute." Whether or not His Honor did not interchange the words "virtuous" and "innocent," the defendant cannot complain of a harmless error. The gravamen of this offense is the seduction of an innocent and virtuous woman under *promise of marriage*. His Honor charged that the prosecutrix must be found by the jury to

be both virtuous and innocent, and that she did not yield her person to the embraces of the defendant from lust or any motive or inducement other than the promise of marriage.

No Error.