## STATE v. CEPHAS RAYNOR.

(Filed 20 November, 1907).

1. **Indictment—Seduction—Evidence.**
    Under an indictment for seduction under promise of marriage (Revisal, sec. 3354), when the prosecuting witness had previously stated that she and the defendant had had sexual intercourse at the time alleged, it is competent for the witness to testify, "I could not help it; he kept right on at me; I told him he was trying to fool me into it; he said he was not; that he was going to marry me," as an implied admission by her seducer of the fact in issue. A repetition of this evidence was within the discretion of the trial Judge.

2. **Same—Seduction—Evidence—Supporting Evidence.**
    It was sufficient to support the witness in her statement that the defendant had seduced her under a promise of marriage, when the evidence of witness' mother is that defendant had admitted in her presence and hearing that he had made the promise and thereby accomplished the ruin of her daughter.

3. **Same—Seduction—Instructions, Misleading.**
    A prayer for special instructions must be specific and not misleading. Where there is evidence that the daughter told her mother that the defendant had seduced her under a promise of marriage, and afterwards such was admitted by the defendant to the mother in the presence and hearing of the daughter, a prayer for instruction directed to the incompetency of what the daughter said, but including in its general terms the defendant's said admission, is properly refused.

4. **Same—Seduction—Evidence—Defendant's Promise.**
    In the trial of an indictment for seduction under a promise of marriage (Revisal, sec. 3354), it was proper for the Judge below to instruct the jury, "If you find that she (the prosecutrix) was

induced to yield and submit her person to the defendant by reason of his promise of marriage, so made at the time, or before that time, the defendant would be guilty, there being supporting evidence under the statute," when the evidence showed that the prosecutrix trusted to defendant's pledge "never to forsake her," and to his promise of marriage, when she was seduced, though the promise existed before the seduction.

CRIMINAL ACTION for seduction, tried before *Long, J.,* and a jury, at January Term, 1907, of the Superior Court of PENDER County.

From judgment of conviction defendant appealed.

*Assistant Attorney-General Clement* for the State.
*R. G. Grady* and *W. T. Dortch* for defendant.

WALKER, J.    The defendant was indicted and convicted of seduction under promise of marriage (Revisal, sec. 3354), and appealed.

He assigns four errors, as follows:

1. The Court erred in permitting the prosecutrix to answer the question asked by the Solicitor, to-wit, "Why did you yield to the defendant and have intercourse with him that night?"    The witness had previously stated that they had sexual intercourse at the time mentioned.    She answered: "I could not help it; he kept right on at me; I told him he was trying to fool me into it; he said he was not; that he was going to marry me."    The answer was also objected to.    The Court overruled the objections and admitted the evidence. We do not see why it was not competent and relevant.    It tended to prove directly the very fact in issue.    As an admission, it was clearly competent.    *State v. Lawhorn,* 88 N. C., 634; *State v. Horton,* 100 N. C., 445.    The fact that it was a repetition of evidence to the same effect previously introduced did not render it incompetent.    It was in the discretion of the Court to permit the witness to repeat her answer if it was thought that the jury had not understood her, or for any other good reason.

2. That the Court erred in refusing to instruct the jury, as requested by the defendant, that there is no evidence in the case supporting the testimony of Eddie Jones, the prosecutrix, as to the promise of marriage, and the jury should acquit. There was evidence, we think, sufficient to support the witness in her statement that the defendant had seduced her under a promise of marriage. Her mother, Catherine Jones, testified that the defendant had admitted, in her presence and hearing, that he had made the promise, and thereby accomplished the ruin of her daughter. This admission was made to the prosecutrix, in the hearing of her mother, when she was reproving him for his vile conduct and his faithlessness. She was then pleading with him to save her from the consequent disgrace. There was other testimony which was competent to be considered by the jury in this connection. The defendant admitted the seduction.

3. The Court erred in refusing to instruct the jury, as requested by the defendant, that the supporting testimony required by the statute is something more than corroborative evidence; it must be such independent facts and circumstances as tend to establish the credibility of the prosecutrix (and the statements of the latter to her mother after the alleged seduction, that the defendant had promised to marry her, are competent only to corroborate her as a witness, and are not such supporting testimony as is required by the statute). The instruction was given, except the part enclosed in brackets. If there was not evidence in this case that the prosecutrix had told her mother, in the presence of the defendant, of the seduction under promise of marriage, and he did not deny it, but, in fact, admitted it, the objection of the defendant would have to be sustained, under *State v. Ferguson,* 107 N. C., 841. It is true there was evidence that she had told her mother the circumstances before the time they had the conversation in the defendant's presence; but if the Court had given the instruction without qualification or explanation, it may have misled.

the jury by inducing them to believe that the instruction embraced every statement made to her mother, whether the defendant was present or not.    In view of the entire evidence, the prayer was not sufficiently specific.    In this respect this case differs from *State v. Ferguson, supra,* and *State v. Whitley,* 141 N. C., 825.    The instruction was so framed that it might have produced the impression on the jury that there was no supporting evidence in the case, but only corroborative, and his Honor seems, from the last instruction he gave, to have taken this view of it.

4. The Court erred in charging the jury as follows: "If you find that she (the prosecutrix) was induced to yield and submit her person to the defendant by reason of his promise of marriage, so made at the time or before that time, the defendant would be guilty, there being other supporting evidence required by the statute."    This instruction was proper, · under *State v. Ring,* 142 N. C., 596, where we said: "In an indictment for seduction under promise of marriage, when the evidence shows that the prosecutrix trusted to the defendant's 'pledge that he would never forsake her,' and to his promise of marriage, when she permitted him to accomplish her ruin, a conviction was proper, and the mere fact that the promise existed long before the seduction can make no difference if he afterwards took advantage of it to effect his nefarious purpose.    His conduct in such a case would be the more reprehensible, as showing a studied and deliberate purpose, first, to engage her affections, and then, by taking advantage of her weak and confiding nature and the trustfulness he had inspired by his perfidy, to insidiously ensnare her with his wicked and faithless ·promises of love and constancy.    Such conduct is the legal equivalent of an express promise to marry if she would submit to his lecherous solicitations, provided the jury found, as they did, that it had the effect of alluring her from the path of virtue."    The evidence in this case is, if anything, much stronger against the defendant than that in the case of *State v. Ring* was against the defendant there

STATE *v.* SMITH.

to establish the essential elements of the crime charged in the indictment.    We think, from the entire case, that the jury fully understood the difference between "corroborating" and "supporting" evidence, and in other respects were properly instructed by the Court.

No Error.