STATE v. ARTHUR LANG.

(Filed 23 February, 1916.)

**Seduction—Virtuous Woman—Evidence—Subsequent Conduct—Instructions —Appeal and Error.**

Upon trial for seduction under promise of marriage, Revisal, 3354, evidence of familiarities permitted by the prosecutrix after the act, not amounting to incontinency, does not negative the evidence that she was innocent and virtuous prior thereto, though properly considered by the jury with reference to her character and the weight of her evidence; and in this case a further remark of the judge that such conduct "a year after the seduction should not be taken against her for unrighteousness" was a repetition, in scriptural phrase, of what he had already charged.

APPEAL by defendant from *Cooke, J.,* at August Term, 1915, of GATES.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Ward & Grimes and A. P. Godwin for defendant.*

CLARK, C. J.   The defendant was convicted of seduction under promise of marriage under Revisal, 3354.   The evidence was that the offense was committed in June, 1913.   Witnesses for the defendant testified to impropriety of conduct, not amounting to unchastity, on the part of the prosecuting witness "some time during the year 1914," from which his counsel contended the jury should find that she was not an innocent and virtuous woman.   The judge charged the jury that "If they should find beyond a reasonable doubt from the evidence that the defendant seduced the prosecutrix under and by virtue of a promise of marriage, at the time testified to by her, and that she was at that time an innocent and virtuous woman, as had been previously explained, then the conduct at the home of the sick person which had been testified to as taking place in 1914 would not negative her being an innocent and virtuous woman; that the question was, Was she an innocent and virtuous woman at the time of the seduction? and the evidence with regard to this conduct, if the jury should find she had been seduced at the time she testified to, was competent simply on her character, and should be considered by the jury in determining what weight they would give her testimony."

These acts of impropriety were fully denied by the evidence of the prosecutrix, and there was also evidence that she was a woman of good repute prior to the seduction, and only some 15 years of age.   The defendant was a widower 29 years of age.   He did not take the stand in his own behalf and introduced no testimony to prove his good character.   The acts of impropriety alleged were testified to by witnesses, one of whom was shown to have been convicted of larceny and the other, according to the testimony, was of bad character and admitted he had been run out of the county for the same offense of seduction.

In *S. v. Malonee,* 154 N. C., 202, *Walker, J.,* said: "The proof of chastity should relate to the time preceding the seduction or the date when it became known, as it is manifest that her reputation in that regard would be injuriously affected by the offense itself when revealed, and the very crime would thus become the means of protecting the criminal, and the more notorious the seduction and the more extensively her shame had been published to the world, the more certain would be the immunity from punishment," citing *People v. Brewer,* 27 Mich., 134.

It is true that in *S. v. Whitley,* 141 N. C., 823, it was held that under an indictment for seduction under promise of marriage, where there was evidence, as here, of familiarities not amounting to incontinency, this could be considered by the jury in passing upon the question whether the prosecutrix was a virtuous woman.   An examination of the record in that case on file shows that the conduct there testified to occurred before the alleged seduction, and therefore was competent on the question whether she was an innocent, virtuous woman.

If the alleged impropriety a year subsequent was of any weight, the charge of the court was unexceptionable, for he said: "If the jury should find beyond a reasonable doubt that the prosecutrix was seduced under promise of marriage, and was at that time an innocent and virtuous woman," that then the conduct of the prosecutrix a year later would not negative that fact. The further remark of the court, that such subsequent conduct "a year after the seduction should not be taken against her for unrighteousness," was simply a repetition, in scriptural phrase, of what he had already charged.

No error.