Criminal prosecution, tried upon indictment charging the defendant with carnal knowledge of a female child between the ages of twelve and sixteen, in violation of 3 C. S., 4209.
The evidence of the State tends to show that on 8 September, 1932, the defendant first had illicit intercourse with the prosecuting witness, at that time an innocent and virtuous girl fifteen years of age, and that this was repeated from time to time until 21 January, 1933, when the last act was committed. The prosecuting witness gave birth to a child on 22 October, 1933.
Demurrer to the evidence or motion to nonsuit overruled. Exception.
The defendant offered evidence tending to impeach or question the chastity of the prosecuting witness on 8 September, 1932, Ed. Shoemaker being named as consort.
The defendant further offered to show friendly relations between the prosecuting witness and Ed. Shoemaker in April and May, 1933. This evidence was excluded. Objection; exception.
The defendant also offered evidence of conversations between the prosecuting witness and her sister, relative to alleged improper relations with Ed. Shoemaker, and similar conversations between the sister of the prosecuting witness and their father. This evidence was excluded. Objection; exception.
Verdict: Guilty as charged in the bill of indictment.
Judgment: Eighteen months on the roads.
Defendant appeals, assigning errors. *Page 378 
The motion to nonsuit was properly overruled. Every element of the offense charged is supported by the State's evidence. There was no error in excluding evidence of improper relations between the prosecuting witness and another several months after the alleged crime of the defendant. S. v.Lang, 171 N.C. 778, 87 S.E. 957; S. v. Malonee, 154 N.C. 200,69 S.E. 786.
Nor was it reversible error to exclude the conversations had between the prosecuting witness and her sister and those between the sister of the prosecuting witness and their father. These conversations were offered to prove the facts therein alleged, when in reality they contained only conclusions of the witness. S. v. McLamb, 203 N.C. 442, 166 S.E. 507;S. v. Melvin, 194 N.C. 394, 139 S.E. 762.
While the appeal might well be dismissed for failure to comply with the rules, still the exceptions have been considered.
No error.