STATE v. HAYNES WILCOX.

(Filed 25 May, 1938.)

**Criminal Law § 53d—**

Objection to the charge on the ground that the court unduly emphasized the contentions of the State, amounting to an expression of opinion on the facts, held untenable, since the charge construed as a whole stated only contentions legitimately arising on the evidence and inferences properly deducible therefrom. C. S., 564.

APPEAL by defendant from *Spears, J.,* at February Term, 1938, of ROBESON. No error.

*Attorney-General McMullan and Assistant Attorney-General Willis for the State.*

*McKinnon, Nance & Seawell, F. E. Carlyle, and McLean & Stacy for defendant.*

PER CURIAM. The only assignments of error we are asked to consider relate to the judge's charge. The appellant states the question involved as follows: "Did the court in the charge express an opinion on the facts, contrary to the provisions of section 564, Consolidated Statutes?"

It is urged that the learned judge who presided over the trial of this case inadvertently fell into the error of unduly emphasizing the State's contentions, amounting to the intimation of an opinion on the facts, and that for this a new trial should be awarded, citing *S. v. Rhinehart,* 209 N. C., 150, 183 S. E., 388. However, an examination of the charge as a whole leads us to the conclusion that only contentions legitimately arising on the evidence offered and inferences properly deducible therefrom were stated to the jury. The duty of the judge, under the provi-

GIBSON *v.* GORDON.

sions of the statute, to state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon, without expressing an opinion, directly or indirectly, whether a fact is fully or sufficiently proven, seems to have been adequately performed in this case, and the defendant has no just cause of complaint. *S. v. Proctor, ante,* 221.

No error.