## STATE v. AVERY BOWMAN.

(Filed 20 September, 1950.)

**1. Rape § 15—**

    The three essential elements of the offense created by G.S. 14-26 are (1) a male person's carnal knowledge of a girl (2) over twelve and under sixteen years of age (3) who has never before had sexual intercourse with any person.

**2. Rape §§ 1, 15—**

    "Carnal knowledge" and "sexual intercourse" are synonymous, and exists in a legal sense when there is the slightest penetration of the sexual organ of the female by the sexual organ of the male. G.S. 14-23.

**3. Rape § 18—**

    Testimony by prosecutrix that defendant had "intercourse" with her and "raped" her is sufficient evidence of carnal knowledge to be submitted to the jury in a prosecution under G.S. 14-26.

**4. Criminal Law § 52a (2)—**

    Nonsuit may not be granted on the ground that the testimony of the State's witnesses was incredible and unworthy of belief, the credibility of the witnesses being for the jury and not the court.

**5. Criminal Law § 42e—**

    Defendant is not entitled to attack the credibility of a witness for the prosecution by showing specific acts of misconduct by her.

**6. Criminal Law § 53f—**

    The charge of the court, construed as a whole, *held* not objectionable as giving undue prominence to the contentions of the State.

APPEAL by defendant from *Moore, J.,* and a jury, at the June Term, 1950, of STOKES.

The defendant was tried upon an indictment charging him with feloniously obtaining carnal knowledge of a virtuous girl between the ages of twelve and sixteen years in violation of G.S. 14-26.

The sordid testimony given on the trial is stripped of all nonessentials in the statement set forth below.

The State presented testimony tending to show that in October, 1949, the defendant, a man of the age of 43 years, met the prosecutrix, a girl of the age of 13 years, who had never had sexual intercourse with any person, in a place in Stokes County known as the Flat Rock. The prosecutrix testified that thereupon the following event occurred. "He told me he would give me three dollars to let him do it, and I let him have intercourse . . . I said that Avery Bowman raped me. ' He said he would give me three dollars to let him. . . . When he asked me I told him I couldn't, and he said he would give me three dollars, and I did. . . . He had intercourse with me at the foot of the Rock."

The defendant denied that any act of sexual intercourse had ever taken place between him and the prosecuting witness, and offered testimony tending to discredit the claim that she had not had sexual relations with other male persons prior to October, 1949.

There was a verdict of guilty, and the defendant was sentenced to confinement in the State's Prison, at hard labor, for a period of not less than seven, nor more than ten years. The defendant excepted and appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Rhodes for the State.*

*J. H. Folger and Fred Folger for the defendant.*

ERVIN, J. The statutory felony of obtaining carnal knowledge of virtuous girls between twelve and sixteen years old is created by the following portion of the statute now codified as G.S. 14-26: "If any male person shall carnally know or abuse any female child, over twelve and under sixteen years of age, who has never before had sexual intercourse with any person, he shall be guilty of a felony and shall be fined or imprisoned in the discretion of the court." This enactment is designed to protect chaste girls between the specified ages from predatory males who would rob them of their virtue.

Three essential ingredients must coexist to render a male person guilty of the statutory felony of obtaining carnal knowledge of a virtuous girl between the specified ages. They are: (1) The male person must have carnal knowledge of the girl; (2) the girl must be over twelve and under sixteen years of age; and (3) the girl must never before have had sexual intercourse with any person. *S. v. Swindell,* 189 N.C. 151, 126 S.E. 417. The terms "carnal knowledge" and "sexual intercourse" are synonymous. There is "carnal knowledge" or "sexual intercourse" in a legal sense if there is the slightest penetration of the sexual organ of the female by the

sexual organ of the male. It is not necessary that the vagina be entered or that the hymen be ruptured; the entering of the vulva or labia is sufficient. G.S. 14-23; *S. v. Monds,* 130 N.C. 697, 41 S.E. 789; *S. v. Hargrave,* 65 N.C. 466; *S. v. Storkey,* 63 N.C. 7; Burdick: Law of Crime, section 477; 44 Am. Jur., Rape, section 3; 52 C.J., Rape, sections 23, 24.

The defendant puts his chief reliance upon his assignment of error based on the refusal of the trial court to grant his motion for judgment of nonsuit, which was interposed when the State rested its case and renewed after all the evidence was concluded. G.S. 15-173. His position on this phase of the controversy is twofold.

He asserts initially that his motion to nonsuit the action should have been allowed for want of evidence of sexual penetration. This contention is insupportable. The law did not require the complaining witness to use any particular form of words in stating that the defendant had carnal knowledge of her. *S. v. Hodges,* 61 N.C. 231. Her testimony that the defendant had "intercourse" with her and "raped" her under the circumstances delineated by her was sufficient to warrant the jury in finding that there was penetration of her private parts by the phallus of the defendant. *Ballew v. State,* 23 Ala. A. 274, 124 S. 123; *S. v. Bailly,* 29 S.D. 588, 137 N.W. 352. This being so, there was evidence in behalf of the prosecution tending to establish the coexistence of the three essential ingredients of the charge. *S. v. Bryant,* 228 N.C. 641, 46 S.E. 2d 847; *S. v. Trippe,* 222 N.C. 600, 24 S.E. 2d 340; *S. v. Wyont,* 218 N.C. 505, 11 S.E. 2d 473; *S. v. Houpe,* 207 N.C. 377, 177 S.E. 20.

The defendant insists secondarily, however, that the testimony of the State tending to show his guilt was incredible in character, and that the trial court ought to have nonsuited the action on the ground that the witnesses giving it were unworthy of belief. This argument misconceives the office of the statutory motion for a judgment of nonsuit in a criminal action. In ruling on such motion, the court does not pass upon the credibility of the witnesses for the prosecution, or take into account any evidence contradicting them offered by the defense. The court merely considers the testimony favorable to the State, assumes it to be true, and determines its legal sufficiency to sustain the allegations of the indictment. Whether the testimony is true or false, and what it proves if it be true are matters for the jury. *S. v. McLeod,* 196 N.C. 542, 146 S.E. 409.

It necessarily follows that the ruling on the motion for judgment of nonsuit was correct.

None of the remaining assignments of error justify the award of a new trial. It was not competent for the defendant to impeach the veracity of the State's witness Leona Dodson by evidence tending to show specific acts of misconduct by her. Hence, the testimony of the defendant's

witnesses, C. T. Barber and Mrs. Syble Long, was properly excluded. *S. v. Shinn,* 209 N.C. 22, 182 S.E. 721. When the instructions to the jury are construed as a whole, they do not merit the criticism that the court gave undue prominence to the contentions of the State. *S. v. Wilcox,* 213 N.C. 665, 197 S.E. 156.

There is in law

No error.