STATE OF NORTH CAROLINA v. CARL VESTER TERRY

No. 7119SC765

(Filed 29 December 1971)

1. Criminal Law § 104— motion for nonsuit — consideration of evidence — inconsistencies in testimony

It was immaterial, on the question of nonsuit in a homicide prosecution, that the trial testimony of the State's chief witness was inconsistent with his testimony at the preliminary hearing.

2. Criminal Law § 89— witness' prior statements

Statements of a witness made prior to the trial are not to be treated as substantive proof, but they can be considered as bearing upon the witness' credibility.

APPEAL by defendant from *Collier, Judge,* June 7, 1971 Session of RANDOLPH Superior Court.

The defendant was charged in a bill of indictment with the first-degree murder of Virginia Covington Leake, (Virginia).

At the trial the solicitor elected not to proceed on the charge of first-degree murder but to try the defendant on second-degree murder. The State relied on the testimony of an alleged eyewitness, Richard Louis Covington, the half brother of defendant and a relative by marriage of the decedent. Richard Covington testified that on December 25, 1969, he, the defendant and Virginia were at the defendant's house. The defendant and Virginia were in the defendant's bedroom. The witness testified that he heard an argument and went into the bedroom. He saw the defendant point a pistol at Virginia and then hit her with the pistol. It went off and she fell back.

On cross-examination Richard Covington admitted that he had made statements at the preliminary hearing which were inconsistent with his testimony at the trial. He admitted that he lied under oath at the preliminary hearing. The witness stated the reason for changing his testimony was that he had become a Christian since the preliminary hearing and now wanted to tell the truth.

The State also called as a witness W. E. Wright, Deputy Sheriff of Randolph County. He testified that he was called to the defendant's residence on December 25, 1969; that he found Virginia lying across a bed with a wound in her neck and that in his opinion she was dead.

At the close of the State's evidence the defendant made a motion to dismiss the case. The motion was denied.

The defendant offered no evidence.

The court charged the jury on second-degree murder, voluntary manslaughter and involuntary manslaughter.

The jury returned a verdict of guilty of involuntary manslaughter and judgment was entered imposing a prison sentence.

From the verdict and judgment, defendant appeals.

---

**State v. Terry**

---

*Attorney General Robert Morgan by Associate Attorney Walter E. Ricks III for the State.*

*Bell, Ogburn & Redding by J. Howard Redding for defendant appellant.*

CAMPBELL, Judge.

The defendant, by appropriate assignments of error, raises three questions on appeal.

1. Did the trial court err in denying defendant's motion to dismiss at the close of the State's evidence?

2. Did the trial court err in its instructions on the consideration of prior inconsistent statements by the witness, Richard Covington?

3. Did the trial court err in its instructions to the jury on the offense of involuntary manslaughter?

[1] In his first argument defendant contends that there was insufficient evidence of defendant's guilt to go to the jury. The defendant submits that the only evidence linking him with the death of deceased was the testimony of Richard Covington. It is argued that Covington's testimony at the preliminary hearing was inconsistent with his testimony at the trial and that this inconsistency bears directly on the weight of the State's evidence. On this basis the defendant contends that there was not sufficient evidence to go to the jury.

A clear statement of the law on this point was given by the North Carolina Supreme Court in *State v. Bowman,* 232 N.C. 374, 61 S.E. 2d 107 (1950).

> " . . . In ruling on such motion, [motion to dismiss] the court does not pass upon the credibility of the witnesses for the prosecution, or take into account any evidence contradicting them offered by the defense. The court merely considers the testimony favorable to the State, assumes it to be true, and determines its legal sufficiency to sustain the allegations of the indictment. Whether the testimony is true or false, and what it proves if it be true are matters for the jury. . . . "

Viewing the testimony of Richard Covington in the light most favorable to the State and assuming it to be true, there

is ample evidence to go to the jury. The prior inconsistent statements of the witness do not have the effect of nullifying his testimony, but are simply for the consideration of the jury in determining the credibility of the witness. Stansbury, N.C. Evidence 2d, § 46, p. 90.

We find no error in the trial court's denial of defendant's motion to dismiss.

[2]   The defendant next objects to the following segment of the trial court's charge to the jury on the effect of prior inconsistent statements:

> "Evidence has been received as corroboration tending to show that at some earlier time, the witness, Richard Louis Covington, made a statement consistent with his testimony at this trial. You must not consider such earlier statement as evidence of the truth of what was said at that earlier time because it was not made under oath at this trial. If you believe that such earlier statement was made, that it is consistent with the testimony of the witness at this trial, you can then consider this together with all the other facts and circumstances bearing upon the witness' truthfulness in deciding whether to believe or disbelieve his testimony at this trial. Evidence has been received tending to show that at an earlier time the witness, Richard Louis Covington, made a statement which conflicts with his testimony at this trial. You must not consider such earlier statements as the truth of what was said at that earlier time, because it was not made under oath at this trial. If you believe that such earlier statements were made, and it does conflict with the testimony of the witness at this trial, then you may consider this together with all other facts and circumstances as bearing upon the witness' truthfulness, in deciding whether you believe or disbelieve his testimony at this trial. . . . "

The defendant contends that this charge is ambiguous and contradictory. We do not agree.

The trial court has correctly charged that the prior statements of the witness are not to be treated as substantive proof, but that they could be considered as bearing on the witness' credibility. This is a correct statement of the legal effect of

prior consistent and inconsistent statements. Stansbury, N.C. Evidence, 2d Ed., § 46, p. 90 and § 52, pp. 105-107. The trial court's charge in respect to this question is entirely proper. This assignment of error is overruled.

The defendant's final assignment of error is to the trial court's charge on involuntary manslaughter. We have carefully examined the trial court's charge on the offense of manslaughter. Taken as a whole, the charge is a fair and accurate presentation of the law. When the charge presents the law fairly and accurately, there is no ground for reversal even though some of the expressions, when standing alone, might be regarded as erroneous. *State v. Hall*, 267 N.C. 90, 147 S.E. 2d 548 (1966).

In the entire trial we find

No error.

Judges MORRIS and PARKER concur.