STATE OF NORTH CAROLINA v. KENNETH DARRELL HAMMONDS

No. 123

(Filed 6 January 1981)

**1. Criminal Law § 68— identification of assailant by body odor and voice**

There was no merit to defendant's contention in a rape case that the trial court erroneously allowed the prosecutrix to identify the defendant by body odor and voice since prosecutrix never identified defendant but simply testified that she knew four men were involved because her assailants had four different body odors and she heard four different voices; defendant admitted he was present with three other men; and no *voir dire* was required before the prosecutrix's testimony was admitted because it was not identification evidence.

**2. Criminal Law § 34— testimony not reference to another crime by defendant**

There was no merit to defendant's contention that an officer involved in the investigation of the crime charged should not have been allowed to testify that he left the room where defendant was being interrogated "in reference to the rape of [an accomplice]," since the officer's comment was not evidence tending to show that defendant had committed another offense but was simply a passing reference to one of the four men who allegedly raped the victim, and the statement was clearly not prejudicial.

**3. Rape § 5— penetration of victim — sufficiency of evidence**

The trial court in a rape case did not err in failing to dismiss on the grounds that the State had not proved that there was penetration of the prosecuting witness by defendant since the testimony of the prosecutrix that she was forced to have intercourse against her will was clearly sufficient to withstand motion for nonsuit, and there was also sufficient evidence that defendant was the perpetrator of the offense charged where he admitted he was one of the four men in a car who abducted the prosecutrix; she testified that she was taken by the four men to a motel and raped by each of them and eventually driven home by the same four men; and defendant admitted being present the entire time but claimed he fell asleep and denied having sexual relations with the prosecutrix or seeing anyone else do so.

**4. Rape § 6— defendant's presence at crime scene — instructions proper**

    In a prosecution for first degree rape where the trial court instructed that defendant's admission that he was in the car with the rape victim could be considered by the jury as an admission of a fact relating to the crime charged, there was no merit to defendant's contention that such instruction could have led the jury to believe that his mere presence was sufficient for conviction and that he had therefore committed the crime, since the trial court's instructions made clear what the jury must find in order to convict defendant.

    Justice BROCK did not participate in the consideration or decision of this case.

ON appeal as a matter of right from judgments of *Collier, J.*, entered at the 16 June 1980 Criminal Session, UNION Superior Court, imposing a life sentence for conviction of first degree rape. Defendant was also sentenced to 25-35 years for kidnapping for the purpose of facilitating the first degree rape. Motion to bypass the Court of Appeals for review of that conviction was allowed on 9 September 1980.

At trial, evidence offered by the State tends to show that Louise Williams Isom was walking to work at about 5:55 a.m. on 10 March 1980 when she was accosted by four males. One male put a gun to her neck, told her to get in the back seat of the car and not to look at anyone. The prosecutrix was then blindfolded.

After driving for a period of time, the car stopped at a motel where the four men secured a room. The prosecuting witness was taken to the room and forced to have sexual intercourse with each of the four men against her will. She was left alone in the room, without a blindfold, for thirty or forty minutes but was afraid to call for help.

The four men subsequently took Isom to a friend's house to pick up her daughter and then drove her and her small daughter to Isom's home where one of the four men, not the defendant, forced her to have sex again. Isom's boyfriend came by to see her, left and called the police. The police arrived and arrested Rayford Ashford, Jr., whom the prosecutrix identified as one of the four men involved.

The State introduced, over objection, a statement by defendant to police officers at the time of his arrest wherein defendant admitted being in the car with three other men, one of whom was Ashford, and admitted that they stopped and picked up Louise Isom. Defendant denied knowing anything about the alleged kidnapping and rapes, claiming he fell asleep in the car and also at the motel and that he did not have sex with the prosecutrix nor see

anyone else have sex with her.

Testimony of expert witnesses offered by the State tends to show that lipstick stains on the blindfold allegedly used on the prosecutrix matched the lipstick worn by the prosecutrix.

Where relevant, other facts will be discussed in the body of the opinion.

*Rufus L. Edmisten, Attorney General, by Joan H. Byers, Assistant Attorney General, for the State.*

*Robert L. Huffman for defendant appellant.*

HUSKINS, Justice.

[1]  By his first assignment of error defendant contends the trial court erroneously allowed the prosecutrix to identify the defendant by body odor and voice. We find no error here. The truth is that the prosecutrix never identified defendant. She simply testified that she knew four men were involved because her assailants had four different body odors and she heard four different voices. Defendant admitted he was present with three other men. No *voir dire* was required before Isom's testimony was admitted because it was not identification evidence. *See* 1 Stansbury's North Carolina Evidence § 57 (Brandis rev. 1973). The evidence was clearly competent and admissible.

[2]  Defendant next assigns error to the refusal of the trial court to strike an answer of a police officer involved in the investigation. Defendant claims that under *State v. Aycoth*, 270 N.C. 270, 154 S.E.2d 59 (1967), the officer should not have been allowed to testify that he left the room where the defendant was being interrogated "in reference to the rape of Ashford." Defendant's reliance on *Aycoth* is misplaced because *Aycoth* merely reaffirmed the established rule that "in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent or separate offense." *Id.* at 272, 154 S.E.2d at 60, *citing State v. McClain*, 240 N.C. 171, 81 S.E.2d 364 (1954).

In the instant case, the officer's comment was a passing reference to one of the four men who allegedly raped Louise Isom. Even if irrelevant, the statement was clearly not prejudicial. This assignment is therefore without merit.

**[3]** By his third assignment of error defendant challenges the failure of the trial court to dismiss on the grounds that the State had not proved there was penetration of the prosecuting witness by defendant.

Upon a motion for nonsuit the trial court is concerned only with the sufficiency of the evidence to carry the case to the jury and not with its weight. *State v. Powell,* 299 N.C. 95, 261 S.E.2d 114 (1980). The evidence is to be viewed in the light most favorable to the State. *State v. Thomas,* 296 N.C. 236, 250 S.E.2d 204 (1978).

Applying those principles to this case, we find no merit in defendant's contention. The argument that there was insufficient evidence of penetration because the prosecutrix did not specifically say she was penetrated has previously been answered by this Court in *State v. Bowman,* 232 N.C. 374, 61 S.E.2d 107 (1950):

> The law [does] not require the complaining witness to use any particular form of words in stating defendant had carnal knowledge of her . . . . Her testimony that the defendant had "intercourse" with her or "raped" her under the circumstances delineated by her was sufficient to warrant the jury in finding that there was penetration of her private parts by the phallus of the defendant.

*Id.* at 376, 61 S.E.2d at 108. The testimony of the prosecutrix that she was forced to have sexual intercourse against her will was clearly sufficient to withstand motion for nonsuit.

There was also sufficient evidence that defendant was the perpetrator of the offense charged. He admitted he was one of the four men in a car who picked up the prosecutrix. She testified she was taken by the four men to a motel and raped by each of them and eventually driven home, again by the same four men. Defendant admitted being present the entire time but claimed he fell asleep and denied having sexual relations with Isom or seeing anyone else do so. This evidence raises more than a mere suspicion of guilt. It strongly supports the verdict and clearly repels the motion for nonsuit. The motion to dismiss was properly denied.

**[4]** In his final three assignments, defendant asserts error by the trial court in its instructions to the jury. Discussing defendant's complaints *seriatim,* we first find no merit in his argument that the trial court erred in instructing that defendant's admission that he

was in the car could be considered by the jury as an admission of a fact relating to the crime charged. That instruction, argues the defendant, could have led the jury to believe mere presence of the defendant was sufficient for conviction and that defendant had therefore admitted the crime.

We find the argument unpersuasive because, in his instruction to the jury, the judge made clear what the jury must find in reaching its verdict. In relevant part, the judge instructed:

> A defendant would be aided and abetted by another person if that person or persons was present at the time the rape was committed and knowingly advised, encouraged, instigated or aided him to commit that crime.

A clear reading of that charge disposes of defendant's further argument that the trial judge failed to explicitly instruct that presence alone was not sufficient to convict.

Finally, although defendant assigns error to the trial court's summary of the evidence, defendant in his own brief "concedes that one may read . . . the charge . . . and conclude that the court fairly summarized the evidence." Our own examination convinces us that the trial court did properly recapitulate the evidence in the charge to the jury. Moreover, if the court did not do so, the burden was on the defendant to make a proper objection. Failure of the defendant to do so waives objections to the summary of the evidence and statement of contentions. *State v. Gaines*, 283 N.C. 33, 194 S.E.2d 839 (1973). This assignment is overruled.

A close examination of the record in this case reveals that the defendant received a fair trial, free of prejudicial error. The judgments appealed from must therefore be upheld.

No error.

Justice BROCK did not participate in the consideration or decision of this case.