STATE OF NORTH CAROLINA v. JERRY LEWIS GRADY

No. 8415SC445

(Filed 5 March 1985)

**1. Searches and Seizures § 8— search pursuant to warrantless arrest—probable cause to arrest**

The trial court properly found probable cause to arrest and denied defendant's motion to suppress evidence seized in a search of his person incident to arrest where the officer had knowledge that defendant had been seen in a business after it closed and had been seen leaving the building, the officer observed that a window appeared to have been kicked in from the outside and that merchandise inside the building had been disturbed, and defendant was found a short distance away. G.S. 15A-401(b)(2).

**2. Corporations § 8; Burglary and Unlawful Breakings § 4— corporate president —authority to control premises**

In a prosecution for felonious breaking or entering and felonious larceny, there was no error in permitting a corporate president and sole stockholder to testify that defendant did not have permission to enter the premises after hours. The president of a corporation may act for the corporation in matters incidental to the business; control of the business premises is a matter incidental to the business in which the corporation is engaged.

**3. Indictment and Warrant § 11.1— breaking or entering—allegation of corporate ownership—testimony by sole stockholder—not a fatal variance**

In a prosecution for felonious breaking or entering and felonious larceny, there was not a fatal variance between the bill of indictment and the evidence as to ownership of the building and personal property where the indictment alleged that defendant broke and entered a building occupied by and took property belonging to Atwater, Inc., d/b/a Village Connection, and Cleveland Atwater testified that he owned the Village Connection. He also testified that he owned the business through Atwater, Inc., of which he was the sole stockholder; at most his testimony created a discrepancy for the jury.

**4. Criminal Law § 89.4— instructions on prior inconsistent statements by police officers**

The trial court properly instructed the jury that prior inconsistent statements by police officers could be considered as bearing on the officers' credibility, but not as substantive evidence.

APPEAL by defendant from *Johnson, E. Lynn, Judge.* Judgment entered 12 January 1984 in Superior Court, ORANGE County. Heard in the Court of Appeals 18 January 1985.

Defendant was charged in a true bill of indictment with felonious breaking or entering and felonious larceny. The bill of

indictment alleged that on 11 August 1983 the defendant "did break and enter a building occupied by Atwater, Inc., d/b/a Village Connection" located in Chapel Hill with the intent to commit the felony of larceny, and that, pursuant to the breaking or entering, defendant stole specified items of personal property "of Atwater, Inc., d/b/a Village Connection." The defendant entered pleas of not guilty. His motion to dismiss the charges at the close of the State's evidence was denied. The defendant offered no evidence and renewed his motion to dismiss, which also was denied. From verdicts of guilty and a judgment consolidating the offenses and imposing an active sentence, the defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney Augusta B. Turner, for the State.*

*Public Defender J. Kirk Osborn, for defendant appellant.*

MARTIN, Judge.

The defendant assigns error to the admission of evidence, the failure of the court to dismiss the charges at the close of the evidence, and the jury instructions. We find no merit in these assignments of error and conclude that the defendant received a fair trial, free from prejudicial error.

[1] Before trial, defendant moved to suppress evidence seized from the defendant during a search of his person at the time of his arrest on 11 August 1983, on the grounds that the arresting officer did not have probable cause to arrest the defendant. At a *voir dire* hearing the evidence showed, and the court found, in summary as follows: The manager of the Village Connection, a lounge and poolroom, returned to the premises after closing with Karen Baldwin in order that Baldwin might use the bathroom. Baldwin observed the defendant in the bathroom. He told her to be quiet and not tell anyone she had seen him. Shortly thereafter, the manager, Lewis Jacobs, observed the defendant exiting the building. When Chapel Hill police officers Frick and Porterfield arrived, Jacobs and Baldwin related this information to them identifying the defendant by name. The officers also observed a window which had previously been covered with plywood. The plywood appeared to have been kicked into the building from the outside. Some of the merchandise from the business was in a plastic bag. As Officer Frick was leaving the business he ob-

served the defendant lying on the ground a short distance away. The defendant was arrested, and pursuant thereto he was searched. Several items of merchandise similar to that found in the plastic bag were removed from his person. The court concluded that Officer Frick had probable cause to arrest the defendant and that none of the defendant's constitutional or statutory rights had been violated by the search. The motion to suppress was denied.

An officer may arrest without a warrant any person who the officer has probable cause to believe has committed a felony. G.S. 15A-401(b)(2). A warrantless arrest is based on probable cause if the facts and circumstances known to the arresting officer warrant a prudent man in believing that a felony has been committed and the person to be arrested is the felon. *State v. Mathis*, 295 N.C. 623, 247 S.E. 2d 919 (1978); *State v. Shore*, 285 N.C. 328, 204 S.E. 2d 682 (1974). In this case, the evidence showed and the court found that Officer Frick had knowledge that the defendant had been seen in the building after it had been closed and had been seen leaving the building. He observed that a window appeared to have been kicked in from the outside and that merchandise inside the building had been disturbed. Finally, he found the defendant a short distance away. This evidence was sufficient for the court to conclude that Officer Frick had probable cause to arrest the defendant. A search without a search warrant may be made incident to a lawful arrest; the scope of the search being limited to the arrestee's person and the area within his immediate control. *State v. Hardy*, 299 N.C. 445, 263 S.E. 2d 711 (1980). The search made at the time of the defendant's arrest did not exceed the permissible scope and the evidence seized pursuant to the search was properly admitted.

[2] Defendant's next assignment of error deals with the testimony of Cleveland Atwater. Atwater testified that he was the president and sole stockholder of Atwater, Inc., a corporation which operated the bar and poolroom known as the Village Connection on the date these offenses are alleged to have occurred. He was permitted to testify, over objection, that defendant did not have permission to go into the premises after hours or when the business was closed. Defendant contends that there was insufficient foundation for the admission of this testimony because the State failed to establish that Atwater had authority to act for the

corporation in determining who had, or did not have, permission to enter the premises.

The president of a corporation is the head and general agent of the corporation and may act for the corporation in matters incidental to the business in which the corporation is engaged. *Burlington Industries v. Foil*, 284 N.C. 740, 202 S.E. 2d 591 (1974). Control of the business premises is unquestionably a matter incidental to the business of operating a bar and poolroom. The assignment of error is overruled.

[3] In a related assignment of error, defendant contends that the charges should have been dismissed at the close of the evidence because there was a fatal variance between the bill of indictment and the evidence as to the ownership of the building and personal property. The indictment alleged that the defendant broke and entered a building occupied by Atwater, Inc., d/b/a Village Connection and took various items of personal property owned by Atwater, Inc., d/b/a Village Connection. Defendant contends that the evidence showed that Cleveland Atwater, not Atwater, Inc., was the owner of the business. This contention arises upon Cleveland Atwater's testimony that on the date of the offenses he owned and operated a poolroom and bar called the Village Connection in Chapel Hill. However, he went on to testify, as noted above, that he owned the business through a corporation, Atwater, Inc., of which he was the sole stockholder. Defendant contends that since Atwater failed to affirmatively testify that ownership was in the corporation on the date of the offenses, his testimony that he was the owner on that date is controlling. This contention is also without merit.

A fair reading of Cleveland Atwater's testimony leads only to the conclusion that he, like many sole stockholders of small business corporations, considered the business to be his. His testimony supports a reasonable inference that his ownership of the business on the date of the offenses was through the corporation; at most it creates a discrepancy in the State's case. A motion for dismissal tests the sufficiency of the evidence to sustain a conviction. *State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979). Contradictions and discrepancies, even in the State's evidence, are matters for the jury and do not warrant nonsuit. *State v. Bolin*, 281 N.C. 415, 189 S.E. 2d 235 (1972). The motion for dismissal was properly denied.

[4] Finally, the defendant contends that the court erred in limiting, by its instructions, the jury's consideration of earlier statements made by two officers at the preliminary hearing which conflicted with the testimony of the officers at the trial. The defendant argues that the instruction was confusing and suggested that the jury could overlook the inconsistencies between the sworn testimony of the officers given on separate occasions. We disagree.

The court instructed the jury as follows:

Evidence has been received tending to show at an earlier time, the witnesses, Officer Frick and Lieutenant Summey, made a statement which conflicts with their respective testimonies at this trial. You must not consider such earlier statements as evidence of the truth of what was said at the earlier time because it was not made under oath at this trial. If you believe that such earlier statements were made and that they do conflict with the testimony of the witness at this trial, then you may consider this together with all other facts and circumstances bearing upon the witnesses' truthfulness in deciding to believe or disbelieve their respective testimonies at this trial.

Under similar circumstances we approved virtually the same instruction regarding prior inconsistent statements made at a preliminary hearing. *See State v. Terry*, 13 N.C. App. 355, 185 S.E. 2d 426 (1971). The court correctly charged the jury that the witnesses' prior inconsistent statements could be considered as bearing upon the witnesses' credibility, but were *not to be con-*sidered as substantive evidence. *See* Brandis on North Carolina Evidence, § 46.

No error.

Judges BECTON and JOHNSON concur.