An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1238

Filed: 5 May 2015

Lincoln County, No. 13 CRS 051677, 051679, 051687

STATE OF NORTH CAROLINA

v.

DONALD MICHAEL HOYLE

Appeal by defendant from judgment entered 16 May 2014 by Judge Julia S. Gullett in Lincoln County Superior Court. Heard in the Court of Appeals 8 April 2015.

*Attorney General Roy Cooper, by Special Deputy Attorney General Patrick S. Wooten, for the State.*

*John R. Mills, for defendant.*

TYSON, Judge.

Donald Michael Hoyle ("Defendant") appeals from his conviction of felonious assault on a law enforcement officer. We find no error in Defendant's conviction and sentence, but remand for correction of a clerical error on the judgment and commitment to reflect the commencement of probation as announced in open court.

I. Background

Defendant lives with his father and fiancée, Jessica Carpenter ("Carpenter"), in his father's mobile home. On 30 May 2013, Defendant and Carpenter engaged in a physical altercation. Carpenter walked next door to the neighbor to call her daughter to come and pick her up. Defendant approached Carpenter and the neighbor while they were standing in the doorway. The neighbor testified Defendant came through the screen door, elbowed Carpenter in the face, and began pushing him. Defendant took the neighbor's cell phone from him. The two men went into the front yard, and Defendant struck the neighbor with a piece of driftwood.

The neighbor called 911. Sheriff's deputy Lonnie Leonard arrived at the scene and spoke with Carpenter and the neighbor. Defendant left the neighborhood prior to when Deputy Leonard arrived. Deputy Leonard went to Defendant's father's residence and spoke with Defendant's father. While Deputy Leonard was at Defendant's father's residence, he observed two "black and about knee high, medium to large dogs" on the porch. Defendant's father left the residence after speaking with Deputy Leonard.

Deputy Leonard also left and returned later in the day. He was informed by the dispatch officer that Defendant had returned to his father's residence. Upon arrival, Deputy Leonard saw Defendant enter the mobile home. Deputy Leonard

called for backup, and four other officers responded to assist him with Defendant's arrest.

Defendant spoke with the officers from inside the mobile home, but refused to open the door. Deputy Leonard testified it sounded like the dogs were outside, behind the mobile home. While he was communicating with the officers through the door, Deputy Leonard testified Defendant's voice "faded like it went to the other part of the house." Deputy Leonard stated, "[a]nd shortly after that you could hear the dogs inside the house barking inside the house." Deputy Robert Jeffries testified it sounded like the dogs were outside when the officers arrived, but was not sure whether the dogs were inside or outside. Deputy Leonard called Defendant's father, who gave him consent to enter the residence, and to break down the door if necessary.

The officers did not obtain an arrest warrant prior to returning to Defendant's residence. Prior to trial, Defendant moved to suppress the evidence obtained as a result of the warrantless entry into the residence. The court found the existence of exigent circumstances, and ruled the officers had probable cause to enter the home and arrest Defendant without a warrant.

The officers kicked open the door after Defendant continued to refuse to allow them to come inside. Defendant had barricaded the front door with a couch.

Between three and five dogs were present inside the residence. Deputy John Propst testified that the dogs were barking, and came toward the officers "in an aggressive manner." Deputy Propst believed the dogs were trying to attack the officers. He testified he used objects to try to keep them away.

Defendant was combative and fought with the officers as they attempted to arrest him. Deputy Leonard grabbed Defendant by the shirt and pinned him onto the couch. While Deputy Leonard attempted to handcuff Defendant, one of the dogs bit him twice on his left calf. Deputy Propst kicked the dog and the dog retreated. Deputy Leonard sustained two puncture wounds and was treated at the hospital. The bite wounds did not require stitches.

Defendant was charged with feloniously breaking and entering the neighbor's residence, and assaulting Carpenter with a deadly weapon, inflicting serious injury. He was also charged with felonious assault on a law enforcement officer, inflicting physical injury, arising out of the dog bites.

The jury found Defendant to be guilty of all three charges. The latter two charges were consolidated for judgment and Defendant was sentenced to an active prison term of 29 to 47 months. Defendant received a suspended sentence for his conviction of assault on a law enforcement officer, and was placed on supervised probation for 30 months. The court announced that Defendant's suspended

sentence would commence upon the expiration of his active sentence. Defendant appeals from his conviction of felonious assault on a law enforcement officer.

## II. Issues

Defendant argues the trial court erred in: (1) denying his motion to dismiss after the State produced insufficient evidence of felonious assault on a law enforcement officer; and, (2) failing to indicate on the judgment and commitment when defendant's supervised probation should begin.

## III. Evidence of Assault on a Law Enforcement Officer

Defendant argues the trial court erred in denying his motion to dismiss the charge of felonious assault on a law enforcement officer. Defendant asserts the State produced insufficient evidence he intended for the dogs to bite Deputy Leonard. We disagree.

## A. Standard of Review

The standard of review of a motion to dismiss for insufficient evidence is whether the State presented substantial evidence of each element of the offense and defendant's being the perpetrator. *State v. Nettles*, 170 N.C. App. 100, 102-03, 612 S.E.2d 172, 174, *disc. review denied*, 359 N.C. 640, 617 S.E.2d 286 (2005) (citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). This Court reviews the evidence in the light most favorable to the State, "giving the State the benefit of every reasonable inference that might be drawn therefrom." *Id.*

In ruling on a motion to suppress, the court "does not pass upon the credibility of the witnesses for the prosecution, or take into account any evidence contradicting them offered by the defense." *State v. Bowman*, 232 N.C. 374, 376, 61 S.E.2d 107, 109 (1950). "Whether the testimony is true or false, and what it proves if it be true are matters for the jury." *Id.*

## B. Sufficiency of the Evidence

Felonious assault on a law enforcement officer, a Class I felony, requires the State to prove Defendant: (1) committed an assault; (2) the person assaulted was a law enforcement officer; (3) the officer was discharging or attempting to discharge his or her official duties; and, (4) the assault inflicted a physical injury on the officer. N.C. Gen. Stat. § 14-34.7(c)(1) (2013). The indictment alleges Defendant assaulted Deputy Leonard by inflicting "severe bites and lacerations requiring medical attention on Officer Leonard by releasing and/or leaving three dogs in a room with him and using them as protection for defendant against said officer."

In certain cases, a dog bite may constitute an assault. In *State v. Cook*, 164 N.C. App. 139, 594 S.E.2d 819, *aff'd*, 359 N.C. 185, 606 S.E.2d 118 (2004), the defendant ran from a law enforcement offer and into his sister's yard. He placed a dog between himself and the officer, pushed the dog toward the officer, called the dog by name, and instructed the dog to "bite him." *Id.* at 140, 594 S.E.2d at 820-21. The issue before this Court was whether sufficient evidence was presented to show the defendant utilized the dog as a "deadly weapon." This Court concluded the State presented sufficient evidence that the defendant utilized the dog as a deadly weapon, and upheld the conviction for assault with a deadly weapon. *Id.* at 142, 594 S.E.2d at 822.

"[Criminal] intent must normally be proved by circumstantial evidence[.]" *State v. Barlowe*, 337 N.C. 371, 379, 446 S.E.2d 352, 357 (1994). It "may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties, and the other relevant circumstances." *Id.*

Viewed in the light most favorable to the State, the evidence showed two dogs were visible outside when Deputy Leonard went to the residence initially. When Deputy Leonard returned, he testified he heard the dogs outside the home. Defendant was aware the officers intended to enter the residence. As Deputy Leonard was speaking and attempting to convince defendant to open the door, Defendant's voice "faded like it went to the other part of the house." Shortly

- 7 -

thereafter, Deputy Leonard heard the dogs barking inside the house. When the officers kicked open the door, between three and five dogs were inside. The dogs were barking and approached the officers in an aggressive manner.

Evidence was presented to show Defendant's attempt to prevent the officers from entering the residence to arrest him. He refused to allow them inside, and barricaded the door with a couch. Deputy Leonard testified that the window curtains were drawn and the inside of the mobile home was dark. When the officers entered the residence, Defendant assumed a "fighting stance," and cursed them. He swung at the officers, attempting to punch them. Defendant fought with the officers until he was subdued and handcuffed.

This circumstantial evidence was sufficient to allow a reasonable juror to conclude that Defendant possessed the intent to use the dogs as part of a plan to prevent the officers from entering the residence, and to attack them upon their entrance. The trial court did not err in denying Defendant's motion to suppress. Defendant's argument is overruled.

## IV. Clerical Error

Defendant argues, and the State concedes, the judgment and commitment form erroneously fails to indicate that his probationary term is to begin at the expiration of his term of imprisonment.

Defendant received an active prison sentence for his convictions for assault with a deadly weapon, inflicting serious injury, and felonious breaking and entering. The trial court also sentenced Defendant to a minimum of six and a maximum of seventeen months in prison for his conviction of felonious assault on a law enforcement officer. This sentence was suspended, and Defendant was placed on supervised probation for a term of thirty months.

The trial court announced in open court that the probationary term was to begin upon the expiration of defendant's active prison term. However, the judgment and commitment form does not indicate when the probationary term shall commence. "When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth." *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008). We remand to the trial court for correction of this clerical error.

## V. Conclusion

The State presented sufficient evidence for the jury to determine whether Defendant intended to assault Deputy Leonard by the use of the dogs. The trial court did not err in denying his motion to dismiss the charge of felonious assault on a law enforcement officer.

We remand this case to the Lincoln County Superior Court for correction of the judgment and commitment form, to indicate the commencement of Defendant's probationary term as announced in open court.

NO ERROR, REMANDED FOR CORRECTION OF CLERICAL ERROR.

Judges CALABRIA and STROUD concur.

Report per Rule 30(e).