An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1134

Filed: 5 May 2015

STATE OF NORTH CAROLINA

v.

KENNETH DARRELL HAMMONDS

Union County

Nos. 80 CRS 2302, 3176

Appeal by defendant from order entered 22 May 2014 by Judge W. David Lee in Union County Superior Court. Heard in the Court of Appeals 17 April 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Justin M. Hampton, for the State.*

> *Kimberly P. Hoppin, for defendant-appellant.*

TYSON, Judge.

Kenneth Darrell Hammonds ("Defendant") was convicted by a jury of first-degree rape and kidnapping on 19 June 1980. The trial court sentenced Defendant to life imprisonment for rape, and 25 to 35 years imprisonment for kidnapping. Defendant appealed his conviction to the North Carolina Supreme Court, which found no error. *State v. Hammonds*, 301 N.C. 713, 272 S.E.2d 856 (1981). Thereafter Defendant filed a motion requesting DNA testing but the trial court found there was no evidence available for testing. We affirm the trial court's order.

## I. Background

On 10 December 2009, Defendant filed a motion to locate and preserve evidence and a motion for DNA testing. Defendant also filed an affidavit of actual innocence. Counsel was appointed to represent Defendant and the trial court ordered any physical evidence relating to Defendant's case to be preserved and inventoried. On 8 July 2011, counsel wrote Defendant and informed him that "there [was] no record of what happened" to the evidence in his case.

On 30 January 2014, Defendant filed a "Motion for Resolution of DNA Testing" in Union County Superior Court. On 19 February 2014, the trial court ordered that the State "file a written response detailing efforts to locate and preserve physical evidence[.]" On 20 March 2014, the State filed an answer stating no evidence was in the custody of the Union County Sheriff's Department pertaining to Defendant's case.

A hearing was held on 5 May 2014. The trial court heard testimony from Linda Broome, the evidence custodian at the Union County Sheriff's Department, and Lieutenant Tony Rushing, a supervisor who was responsible for destruction of evidence. Both testified that they were unable to locate any evidence pertaining to Defendant's case.

The trial court concluded no biological evidence was available for testing in this case, but ordered the Union County Sheriff's Department to "not destroy and in fact preserve any evidence that might hereafter be found . . . [and it] be reported immediately to the Court[.]" Defendant gave notice of appeal in open court.

## II. *Anders v. California*

Counsel appointed to represent Defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has also shown to the satisfaction of this Court that she has complied with the requirements of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary to do so.

## III. Conclusion

Defendant has not filed any written arguments on his own behalf with this Court. A reasonable time in which he could have done so has passed. In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit appear therein. We have been unable to find any possible prejudicial error and conclude that the appeal is wholly frivolous. The trial court's order from which Defendant appealed is affirmed.

AFFIRMED.

Judges BRYANT and DIETZ concur.

Report per Rule 30(e).