Natxub, J.
 

 The objection up>on which the prisoner’s counsel moved, in the Court below, to set aside the verdict of the jury and to
 
 “
 
 enter a mistrial,” has been properly abandoned hero, because the law upon the subject is too well settled to be brought into question again; see
 
 State
 
 v. Tilghman, 11 Ire. Rep. 513.
 

 The errors assigned in the bill of exceptions, upon which the counsel seek to obtain a new trial, are equally without foundation, and the motion based upon them, must be overruled. The three propositions, for which the counsel contended in favor of the prisoner, were all assented to by the Court, except that the last was submitted to the jury with some modification. The right of the prisoner to complain must depend, then, upon the enquiry, whether this modification was proper.
 
 *387
 
 The third proposition was that, if any one of the lints in. the chain of circumstances was wanting, the prisoner was entitled to an acquittal. The Court said upon this, “ that if the jury should believe that the State had failed to establish any one, or more of the facts, which were insisted upon as material to establish the guilt of the prisoner, and yet, that enough had been shown to satisfy them, beyond a rational doubt, of his guilt, it would be their duty to convict.” This charge was, we think, entirely correct. If the onty facts alleged to have been proved, were a series of dependant circumstances, each one of which was essential to the continuity of the chain, then,, the proposition of the counsel would admit of no variation, or modification; but as there are, in almost every case, depending upon circumstantial evidence, a number of independent circumstances alleged and relied upon, one or more of these may well be thrown out, without impairing the integrity or strength of the chain, and a court may well say that, if enough remains to satisfy the jury, beyond a rational doubt, of the truth of the accusation, they ought to convict-. If what seems to us so plain a proposition, needs any authority for its support, it will be found in the eases referred to by the Attorney General, of
 
 Commonwealth
 
 v. Webster, 5 Cush. Rep. 313 ;
 
 State
 
 v.
 
 Sumner,
 
 5 Black. (Ind.) Rep. 579.
 

 The instruction of the Court upon the testimony of the witnesses in relation to the tracks which were seen between the house of Lucy Hine, where the deceased was supposed' to have been killed, and the pond, where his body was found,, was, in our estimation, entirely immaterial, and, could not, in-any manner, prejudice the cause of the prisoner. "Whether there wore two sets of tracks, as deposed to by one witness, or only one set, as sworn to by three witnesses, did not, in any manner, affect the fact, about which there was no dispute, that the tracks spoken of by the three witnesses, were measured and found to fit the shoes worn by the prisoner. The other witness, who spoke of the two sets, did not deny this, nor can any possible inference be drawn from his testimony, that it was. not true. It was totally immaterial, therefore,
 
 *388
 
 whether more credit is to be given to the testimony of the three, than to that of the one. Indeed, it seems to ns, that it was rather in favor of the prisoner to impeach the testimony of the witness who swore to the finding of two sets of tracks, because, on account of the known connection of the prisoner with Lucy Iline, who was also charged with the murder, it would be an additional circumstance against him that tracks, corresponding with his, were found with other tracks, which it might be supposed were made by this woman. At all events, the instruction of the Court upon this part of the case, even supposing it to be objectionable, (which, however, we do not decide) could not have prejudiced the prisoner, and of course, cannot furnish any grounds for a new trial.
 

 There is no error suggested to warrant an arrest of judgment. We must, therefore, direct it to be certified to the Superior Court of law for the county of Eorsyth, that there is no error in the record.
 

 Pee Cubiam, Judgment affirmed.