Battue, J.
 

 The first objection, which appears in the defendant’s bill of exceptions is, that the record of the proceedings in the
 
 expcvrte
 
 suit, for the partition of the land of Joshua Rayner, among his heirs-at-law, was admitted, on the part of the plaintiff, to show that the line I, H, was one of the dividing lines between the Freeman land, claimed by the plaintiff, and the Rayner land, part of which was claimed by the-defendant. This evidence was received by the Court as the
 
 *177
 
 declarations of the commissioners, who were proved to be now dead, as to o question of boundary. The evidence was clearly admissible as the declarations and acts of the heirs-at-law of Eayner, under and of whom the defendant claimed, but it may be doubted whether it was properly admitted upon the reason assigned for it; because the commissioners may not have known, or professed to have known, any thing about the dividing line ; and may have acted, and probably did act, solely upon the information of those, whose land they were dividing. As the record was admissible upon a ground quite as strong as that upon which it was admitted, the defendant has no just cause to complain of it.
 

 The question about reversing the lines of the deed, under which the plaintiff claimed, did not arise for any practical purpose, and, therefore, no objection can be founded upon it. The real contest between the parties was, whether the beginning corner of the plaintiff’s land was at I, as contended for by him, or was at the pine-stump, as insisted on by the defendant. If it were the latter, then the
 
 locus in quo
 
 would not be within the plaintiff’s boundaries, and it is manifest, that such would be the result whether, the lines were run by the courses and distances in a direct or a reverse order. If the former, then it was conceded that the defendant’s cleared field was included within the plaintiff’s lines. The evidence of the respective parties, in relation to these points, was fairly submitted by his Honor to the jury, and we cannot discover any error in his charge.
 

 The testimony introduced to show how the lines would run from each of the proposed starting points, to wit, the letter I and the pine-stump, as delineated on the plat, was clearly proper for the purpose of locating the land claimed by the plaintiff, and the argument was a fair one, that if begun and run as contended for by the plaintiff, the lines would not interfere with the established boundaries of other adjacent tracts, but that it would be otherwise if commenced and run as insisted on by the defendant.
 

 
 *178
 
 The defendant having been unable to sustain any of his objections to the judgment, it must be affirmed.
 

 Per Curiam, Judgment affirmed.