## STATE v. DOCK ALSTON.

*Burglary—Immaterial Error—Instructions in a Criminal Action.*

1. Under chapter 434, Acts of 1889, creating two degrees of burglary, the jury are not vested with the discretionary power as to the degree for which they should convict, but should find according to the evidence, as they believe the facts to be. (*State* v. *Fleming*, 107 N. C., 905.)

2. The defendant cannot except to an error favorable to himself. Hence, when the Judge erroneously instructed the jury that they might, in their discretion, find the defendant guilty of burglary in the second degree, " although the family was in the house at the time of the entry," the defendant is not entitled to a new trial.

3. The Court could not charge, in a criminal case, that if " all the evidence was that the family was in the house at the time of the burglarious entry, the defendant was guilty of burglary in the first degree," because the credibility of such evidence, though uncontradicted, is for the jury. (*State* v. *Riley*, at this term.)

(Syllabus by CLARK, J.)

CRIMINAL ACTION, tried at October Term, 1893, of FRANKLIN Superior Court, before *Hoke, J.,* and a jury.

The indictment charged that the defendant entered the dwelling-house of one Sallie Ham, in the night-time, with intent to commit rape on an inmate of the house, and that he made an assault on the latter with intent to commit rape. All the evidence tended to show that the family was actually present in the house at the time it was entered.

His Honor charged the jury that, although all the evidence was that the family was present in the house at the time it was alleged to have been entered, they might find that he was guilty of burglary in the first or second degree.

There was a verdict of guilty of burglary in the second degree, and from the judgment thereon defendant appealed.

*The Attorney General,* for the State.
*Mr. N. Y. Gulley,* for defendant (appellant).

CLARK, J.: The defendant was indicted for burglary. The Court charged the jury that, "although all the evidence was that the family were present in the house" at the time it was alleged to have been entered, they might find the prisoner guilty of burglary in the first degree, or they might find him guilty of burglary in the second degree. The jury returned a verdict of guilty of burglary in the second degree, and the prisoner assigns the above instruction as error.

The Court should have charged the jury that if they believed from the evidence that the family was present in the house at the time of the felonious entry, as charged, they should convict the defendant of burglary in the first degree. Under such circumstances, the jury are not vested with the discretionary power to convict of burglary in the second degree. The power to commute punishment does not reside with the jury. This very point was passed upon and decided in *State* v. *Fleming*, 107 N. C., 905 (on page 909). But there was no prayer by defendant for such instruction. The Court could not have charged, as this exception implies, that because

"all the evidence was that the family was in the house at the time of the felonious entry," etc., the jury should find the defendant guilty of burglary in the first degree. It is only when the jury believe that to be the fact that they could return such verdict. The jury must pass upon the credibility of the evidence; and, although all the evidence was that the family was then present, still, if the jury did not believe that part of the evidence, but believed only the evidence tending to show that the prisoner entered the dwelling in the night-time with the felonious intent as charged, a verdict of guilty of burglary in the second degree was proper. There is nothing which indicates how the jury found as to the truth of the evidence of the presence of the family. There was no exception as to the charge in other respects.

Besides, the appellant in any case, civil or criminal, cannot complain of any error which is not injurious to him. *State* v. *Frank*, 50 N. C., 384; *Ray* v. *Lipscomb*, 48 N. C., 185; *Hobbs* v. *Outlaw*, 51 N. C., 174; *Moore* v. *Parker*, 91 N. C., 275; *State* v. *Dick*, 60 N. C., 440.

If there was error here, the effect was to cause a verdict for a lesser offence to be found against the appellant than should have been rendered. It does not lie in the prisoner's mouth to complain that he is to be sent to the penitentiary for seven years—the sentence imposed in this case—when the evidence might have justified a verdict and sentence against him for the capital offence charged in the indictment.

No Error.