STATE v. LEON W. TRIPPE.

(Filed 24 February, 1943.)

**1. Criminal Law § 52b: Rape § 3—**

On the trial of an indictment for carnal knowledge of a female under sixteen years of age, C. S., 4209, where there was competent evidence for the State tending to show that defendant, a man 48 years of age, had sexual intercourse with the State's witness at a time when she was only 14 years of age and that she had theretofore never had sexual intercourse with any person, motion for judgment of nonsuit was properly denied.

**2. Indictment §§ 11, 24: Rape § 3—**

It is to the girl's first act of intercourse with a man, when she is under sixteen years of age, that the law attaches criminality on the part of the man, and a variance between allegation and proof as to time is not material where no statute of limitations is involved, time not being of the essence of the offense. C. S., 4209; C. S., 4625.

**3. Criminal Law § 41f—**

The prosecuting witness, on trial upon indictment of a man for carnal knowledge of a female under sixteen years of age, may give competent testimony as to her age.

**4. Criminal Law § 54c—**

The court's refusal to discharge the jury, in a prosecution for the carnal knowledge of a female under sixteen, upon their report of disagreement after five hours of deliberation, presents no ground for a new trial, there being no attempt to coerce them on the part of the judge and the jury, after further consideration, having reached a verdict.

APPEAL by defendant from *Parker, J.,* at November Term, 1942, of PASQUOTANK. No error.

The defendant was charged with carnal knowledge of a female under the age of sixteen years, in violation of C. S., 4209. There was verdict of guilty, and from judgment imposing prison sentence the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*J. Henry LeRoy for defendant.*

DEVIN, J. The defendant assigns error in the denial by the court below of his motion for judgment as of nonsuit, but an examination of the record leads to the conclusion that the case was properly submitted to the jury.

The statute under which the defendant was indicted and convicted declares that "if any male person shall carnally know or abuse any

female child, over twelve and under sixteen years of age, who has never before had sexual intercourse with any person, he shall be guilty of a felony. . . ." In this case all the essential elements of the crime charged were made to appear. *S. v. Swindell,* 189 N. C., 151, 126 S. E., 417. There was competent evidence on the part of the State tending to show that the defendant, a man 48 years of age, had sexual intercourse with the State's witness at a time when she was only 14 years of age, and that she had theretofore never had sexual intercourse with any person. The State's witness, now 15 years of age, testified to four acts of intercourse with the defendant, the first time in June, 1941, again in September, 1941, and twice in 1942, and that she had never had intercourse with any person other than the defendant. She further testified that as a result of such intercourse she became pregnant, and in April, 1942, gave premature birth to a baby which did not live. The doctor thought from her statement this was six months after conception.

The bill of indictment charged that the criminal act occurred 13 September, 1941, but the fact that the date so alleged was subsequent to the date on which the witness testified the first act of intercourse occurred would not support the contention that there was a failure of proof that at the time alleged in the bill she had never before had sexual intercourse with any person. The date mentioned in the bill of indictment was not of the essence of the offense charged. In such case, both by statute and by the decisions of this Court, it has been established that variance between allegation and proof as to time is not material where no statute of limitations is involved. C. S., 4625; *S. v. Overcash,* 182 N. C., 889, 109 S. E., 626; *S. v. Newsom,* 47 N. C., 173. In the words of *Chief Justice Stacy,* in *S. v. Williams,* 219 N. C., 365, 13 S. E. (2d), 617, "The exact dates are not regarded as capitally important." It is to the girl's first act of intercourse with a man, when she is under sixteen years of age, that the law attaches criminality on the part of the man. *S. v. Houpe,* 207 N. C., 377, 177 S. E., 20; *S. v. Porter,* 188 N. C., 804, 125 S. E., 615.

Evidence in the case at bar that the State's witness had for the first time had intercourse with the defendant in June, 1941, and had never theretofore had intercourse with any person, coupled with competent evidence of her age as being at the time within the prohibited period of twelve to sixteen years, was sufficient to sustain the ruling of the trial judge in submitting the case to the jury. The testimony of the State's witness as to her age was competent (*S. v. Best,* 108 N. C., 747, 12 S. E., 907; Wigmore on Ev., sec. 667), and this was supported by the testimony of her father and mother, and by the vital statistics record. C. S., 7111. Nor do we know of any reason why it was not competent

for her to say that the birth of the baby was premature. The testimony of the attending physician was to the same effect.

The exception to the court's instructions to the jury cannot be sustained, nor is any unfairness apparent in the statement of the contentions of the State and the defendant. The fact that the court declined to discharge the jury upon their report of disagreement after five hours of deliberation presents no ground for a new trial. That was a matter in the discretion of the court, and we can discover nothing in the action of the court which could be held in any wise prejudicial to the defendant. There was no attempt at coercion on the part of the judge, and the jury after further deliberation reached an agreement.

Though the defendant denied improper relations with the State's witness, and offered evidence of his good character, the triers of the facts have accepted the State's evidence, and found him guilty as charged. On the record we perceive no just ground upon which to disturb the result.

In the trial we find

No error.