STATE v. RUSSELL BRYANT.

(Filed 24 March, 1948.)

**1. Rape § 18—**

Evidence *held* sufficient to support verdict of guilty in this prosecution for carnal knowledge of girl between 14 and 16 years of age. G. S., 14-26.

**2. Rape § 19: Criminal Law § 53d—Correction of inadvertence by court held not prejudicial.**

In this prosecution for carnal knowledge of a girl between 14 and 16 years of age, the period of gestation was relevant solely as bearing upon the accuracy of prosecutrix' testimony as to the time of the intercourse, which she testified resulted in pregnancy. In response to a juror's question, the court charged that there was no law on the period of gestation and no medical evidence had been introduced in regard thereto, but later recalled the jury and instructed them that as a matter of common knowledge the period of gestation is ten lunar months or 280 days. *Held:* The court merely corrected an inadvertence and the jury was neither confused nor misled.

**3. Rape § 17—**

In this prosecution for carnal knowledge of a girl between 14 and 16 years of age, prosecutrix testified that the intercourse resulted in pregnancy. The child had not been born at the time of the trial. *Held:* Defendant's request that prosecutrix be examined to ascertain the status of the expected child was addressed to the discretion of the trial court, the issue being whether defendant committed the offense and the time of its commission being relevant solely as bearing upon the accuracy of prosecutrix' testimony as to the time of the intercourse.

**4. Criminal Law § 53k—**

Defendant's exceptions to the court's statement of his contentions *held* without merit.

APPEAL by defendant from *Burney, J.,* at January Term, 1948, of PITT. No error.

The defendant was charged with carnal knowledge of a girl under sixteen years of age in violation of G. S., 14-26. On the trial the State's witness testified the act of intercourse took place 22 April, 1947, and that at that time she was fourteen years of age and had never before had sexual intercourse with any person. She further testified that as result of intercourse with defendant on that date she became pregnant, and at the time of the trial during the one-week term beginning 19 January, 1948, the child was still unborn. The defendant denied ever having had intercourse with the State's witness.

The jury returned verdict of guilty as charged, and from judgment thereon the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*
*Albion Dunn and R. T. Martin for defendant.*

DEVIN, J. The State's evidence, which seems to have been accepted by the jury, was sufficient to support the verdict and judgment. *S. v. Houpe,* 207 N. C., 377, 177 S. E., 20; *S. v. Swindell,* 189 N. C., 151,

126 S. E., 417. The defendant, however, assigns error in the instruction given by the trial judge to the jury in response to an inquiry from one of the jurors. The juror asked what the law considered "the time limit of gestation," and the court replied that there was no law about it, so far as the court knew, and that there had been no medical or other evidence as to the period of gestation. But shortly afterwards the court recalled the jury and instructed them as follows: "In answer to your question asked me just now as to whether there is any law about the time of pregnancy, the court instructs you that our Supreme Court in *S. v. Forte,* 222 N. C., 537 (539), 23 S. E. (2d), 842, said: 'And it is a matter of common knowledge that the term of pregnancy is ten lunar months, or 280 days.'" We think in this instance the court was correcting an inadvertence and that the jury was neither confused nor misled. No prejudicial error is made to appear.

The defendant's request after the close of the testimony that the State's witness be examined by a physician to ascertain the status of the expected child was addressed to the discretion of the trial judge, and his ruling thereon under the circumstances of the case will not be held for error. *Moyle v. Hopkins,* 222 N. C., 33, 21 S. E. (2d), 826.

The issue before the court and jury was whether the defendant committed the act as charged in the bill. Time was not of the essence. The date was not capitally important. *S. v. Williams,* 219 N. C., 365, 135 S. E. (2d), 617; *S. v. Trippe,* 222 N. C., 600, 24 S. E. (2d), 340; *S. v. Baxley,* 223 N. C., 210, 25 S. E. (2d), 621. The question as to the period of gestation was directed merely to the accuracy of the testimony of the State's witness as to the date of the commission of the offense charged, rather than as determinative of the fact.

The defendant's exception to the judge's charge to the jury in respect to his statement of the contentions of the defendant is without merit. *S. v. Jessup,* 219 N. C., 620, 14 S. E. (2d), 668.

In the trial we find

No error.