STATE OF NORTH CAROLINA v. BILLY RICHARD HARRELL

No. 8917SC308

(Filed 5 December 1989)

1. **Automobiles and Other Vehicles § 126.1 (NCI3d) — driving while impaired — testimony of arresting officer — definition of operate and driving while impaired — no error**

   The trial court did not err in a prosecution for driving while impaired by sustaining the State's objection to the arresting officer's testimony as to her opinion of the legal definition of "operate" and "drive while impaired."

   **Am Jur 2d, Automobiles and Highway Traffic §§ 300, 375, 377.**

2. **Automobiles and Other Vehicles § 126.5 (NCI3d) — driving while impaired — statement by defendant to officer**

   There was no prejudicial error in a prosecution for driving while impaired in allowing the arresting officer to testify as to a telephone conversation with defendant in which defendant admitted to driving the vehicle and to being an alcoholic. The arresting officer's hearsay testimony regarding driving the car was clearly a statement against interest and there were corroborating circumstances in defendant's earlier admission as well as his lone presence slumped behind the wheel of the car. There was no prejudice regarding his alcoholism statement in that the .21 breathalyzer reading and the officer's testimony about defendant's apparently drunken condition overwhelmingly proved defendant was under the influence. N.C.G.S. § 20-138.1, N.C.G.S. § 8C-1, Rule 804(b)(3).

   **Am Jur 2d, Automobiles and Highway Traffic §§ 300, 375, 377.**

3. **Automobiles and Other Vehicles § 127.2 (NCI3d) — driving while impaired — evidence sufficient**

   There was sufficient evidence of driving while impaired to submit the charge to the jury where defendant argued that the State failed to provide more than a scintilla of evidence that he was driving the vehicle or that he was driving it while intoxicated, but the fact that he was found behind the wheel of the vehicle without any other potential driver

STATE v. HARRELL

[96 N.C. App. 426 (1989)]

in sight and his two admissions of having driven the vehicle were more than sufficient to place the issue of whether he was driving before the jury. The jury had substantial evidence from which to deduce that defendant was intoxicated at the time he was driving in that he told the officer that the accident occurred only twenty minutes before she arrived on the scene, in defendant's admission that he had been drinking for an hour and forty minutes prior to running off the highway, from his presence in a ditch, and from a breathalyzer test two hours after defendant drove revealing a .21 blood alcohol concentration. N.C.G.S. § 20-138.1(a)(2), § 20-138.1(a)(1), § 20-4.01(33a).

Am Jur 2d, Automobiles and Highway Traffic §§ 300, 375, 377.

4. **Automobiles and Other Vehicles § 141 (NCI3d)— willfully displaying expired license plate—evidence sufficient**

There was sufficient evidence to support defendant's conviction under N.C.G.S. § 20-111(2), which makes it illegal for any person willfully to display an expired license on a vehicle, in that it was readily apparent by visual observation that the license had expired and the officer related defendant's admission of not having the vehicle properly registered.

Am Jur 2d, Automobiles and Highway Traffic §§ 94, 95.

5. **Automobiles and Other Vehicles § 2.7 (NCI3d)— operating motor vehicle without financial responsibility—evidence insufficient**

The trial court erred by failing to dismiss the charge of operating a motor vehicle without financial responsibility in that the State failed to adequately prove that defendant owned the vehicle in question. N.C.G.S. § 20-313 expressly applies to vehicle owners and does not mention any other persons who might operate a vehicle.

Am Jur 2d, Automobile Insurance § 35.

ON writ of certiorari to review order entered by *Judge William Z. Wood.* Order entered 16 June 1988 in Superior Court, SURRY County. Heard in the Court of Appeals 15 November 1989.

*Lacy H. Thornburg, Attorney General, by Hal F. Askins, Associate Attorney General, for the State.*

*Ricky Bowman for defendant-appellant.*

GREENE, Judge.

The defendant appeals his conviction of driving while impaired under N.C.G.S. § 20-138.1, willfully displaying expired license or registration plate on a vehicle under N.C.G.S. § 20-111(2), and having no financial responsibility in violation of N.C.G.S. § 20-313. For the offense of driving while impaired, the trial court sentenced the defendant to imprisonment of one year, and for the offenses of displaying an expired license plate and having no financial responsibility, the charges were consolidated for judgment, and the trial court sentenced defendant to two years imprisonment to run consecutively with the initial one year. However, the two-year sentence was suspended pending five years of supervised probation beginning at the end of defendant's initial year of imprisonment.

The State's evidence tended to show that on 16 November 1987, Highway Patrol Officer Gail Palmer responded to a call of an accident on Old U.S. 52 at approximately 2:55 p.m. At approximately 3:00 p.m. she arrived at the scene and found a vehicle off the right shoulder of the highway in the ditch. Seeing no one around the vehicle, she approached and observed the defendant Billy Richard Harrell "sleeping underneath the wheel of the vehicle with his head lying in the right front passenger seat." Upon awakening, the defendant told Officer Palmer that he had driven the car into the ditch to avoid a deer. The defendant stated that the accident occurred at about 2:40 p.m. that day.

While questioning the defendant in the patrol car, Officer Palmer observed that he appeared impaired. She noted a strong odor of alcohol, slurred speech, and red, bloodshot eyes. After Officer Palmer had arrested the defendant for driving under the influence and restrained him with handcuffs, he then changed his story, saying that he was not the driver of the car and that she had arrested a "ghost." Upon further investigation of the vehicle, Officer Palmer found six Budweiser beer cans in the front of the vehicle, and she noted that the vehicle's license tag had expired in 1985.

After Officer Palmer read the defendant his *Miranda* rights, defendant waived those rights, and he told her that he began

STATE v. HARRELL

[96 N.C. App. 426 (1989)]

drinking Budweiser at approximately 1:00 p.m. that day, consuming two beers in Stokes County and one can in Surry County. He stated that he drank his last beer at the intersection of Highway 52 and Cooks School Road, approximately five miles from the location of the accident. When asked if he was under the influence of some substance, he said "If I said no I'd be a damn liar. If I said yes—." At that point, he paused and said "No."

Officer Palmer's investigation revealed that the vehicle actually belonged to a woman in Winston-Salem. However, when a wrecker attempted to tow away the vehicle, the defendant demanded that they not tow "his" car.

Officer Connie Watson testified that she administered a breath analysis test to the defendant that afternoon at approximately 4:40 p.m. The result of that test was a blood/alcohol concentration of 0.21.

Officer Palmer also testified that the defendant later telephoned her at the police station and told her that he had been driving the car that afternoon and that he was an alcoholic. She further testified that she heard him state, at an earlier court appearance, that he had neither insurance nor proper registration for the vehicle.

The defendant did not offer any evidence. At the close of the State's evidence, the defendant moved for dismissal of all charges because of lack of evidence, which motion was denied. Regarding the impaired driving charge, the judge submitted issues to the jury which were answered as follows:

We, the jury, unanimously find the defendant, Billy Richard Harrell:

1. __X__ Guilty of impaired driving.

OR

2. _____ Not guilty.

If you found the defendant, Billy Richard Harrell, guilty of impaired driving, did you unanimously find him guilty because:

A. _____ He was under the influence of an impairing substance.

OR

B. _____ He consumed sufficient alcohol that at any relevant time after the driving the defendant had an alcohol

concentration of .10 or more grams of alcohol per 210 liters of breath.

Or

C. __X__ Both of the above.

---

The issues presented are: I) whether the trial court erred in prohibiting the arresting officer from testifying as to the definitions of the terms "operate" and "driving while impaired"; II) whether the trial court erred in allowing into evidence hearsay testimony by the arresting officer relating to defendant's admissions of having driven the vehicle and being an alcoholic; and III) whether the trial court erred in denying the defendant's motion at the close of the State's evidence to dismiss the charges on the grounds that there was insufficient evidence to submit the case to the jury on the issues of (A) driving while impaired, (B) displaying a registration number plate on a vehicle knowing it to be expired, and (C) driving an automobile without financial responsibility.

I

[1] The defendant argues the trial court erred in sustaining the State's objection to the arresting officer's testimony as to her opinion of the legal definitions of "operate" and "drive while impaired." We disagree. The trial court, not witnesses, must define and explain the law to the jury. *See State v. McLean*, 74 N.C. App. 224, 227, 328 S.E.2d 451, 453 (1985), *appeal dismissed*, 316 N.C. 199, 341 S.E.2d 573 (1986); *see also State v. Griffin*, 288 N.C. 437, 442, 219 S.E.2d 48, 52 (1975), *vacated in part*, 428 U.S. 904, 49 L.Ed.2d 1210 (1976) (the trial court, and not an expert witness, must define legal terms such as "intent").

II

[2] The defendant also argues the trial court erred in allowing into evidence the arresting officer's testimony relating her telephone conversation with the defendant in which the defendant admitted (1) to have been driving the vehicle, and (2) to being an alcoholic. Regarding the first statement, we find the officer's hearsay testimony clearly related a statement against interest since an element of N.C.G.S. § 20-138.1 is that the defendant drive the vehicle. North Carolina Rule of Evidence 804(b)(3) allows admission of such evidence so long as "corroborating circumstances clearly indicate the trust-

worthiness of the statement." Here the facts of the defendant's earlier admission of driving as well as his lone presence slumped behind the wheel of a car corroborated the statement that he was driving the vehicle. *See also State v. Nichols*, 321 N.C. 616, 631, 365 S.E.2d 561, 570 (1988) (defendant's admissions are also that of a party opponent under Rule 801(d)(A)).

Regarding the hearsay testimony of his alcoholism statement, assuming that its admission into evidence might have been erroneous, we find the testimony was not unfairly prejudicial. To prove prejudicial error, an appellant must show to a reasonable possibility that, had the error not been committed, a different result would have been reached at trial. *State v. Martin*, 322 N.C. 229, 238-39, 367 S.E.2d 618, 623-24 (1988). The defendant's statement of his alcoholism could only tend to prove that the defendant uses alcohol. The evidence relating to the crime, a .21 reading of a breathalyzer as well as Officer Palmer's testimony about the defendant's apparently drunken condition, overwhelmingly proved the defendant was under the influence of alcohol. Thus, no reasonable possibility exists that the absence of the alcoholism testimony would likely have changed the outcome of the trial. In short, the jury was not faced with a close issue as to whether the defendant was under the influence of alcohol.

## III

[3] The defendant also argues the trial court erred in denying his motion to dismiss at the conclusion of the State's evidence because of the State's failure to provide sufficient evidence of all the elements of each crime charged. To submit the charge to the jury, the State must have presented "more than a scintilla of evidence" of each element. *State v. Summitt*, 301 N.C. 591, 596, 273 S.E.2d 425, 428 (1980), *cert. denied*, 451 U.S. 970, 68 L.Ed.2d 349 (1981).

> [I]f there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury.

301 N.C. at 597, 273 S.E.2d at 428 (quoting *State v. Johnson*, 199 N.C. 429, 431, 154 S.E. 730, 731 (1930)).

STATE v. HARRELL

[96 N.C. App. 426 (1989)]

A

N.C.G.S. § 20-138.1 creates the misdemeanor offense of impaired driving, the elements of which are that the defendant (1) drove any vehicle, (2) on any highway, street or other public vehicular area, and (3) under the influence of an impairing substance, or (4) having an alcohol concentration of at least 0.10 "at any relevant time after the driving." N.C.G.S. § 20-138.1 (1983).

Officer Gail Palmer testified that at about 3:00 p.m. November 16, 1987, while responding to a call of an accident, she found a vehicle off the right shoulder of Old North Carolina 52 in the ditch. Observing no one around the vehicle, she approached it and saw therein the defendant "sitting underneath the wheel of the vehicle with his head lying in the right front passenger seat." The defendant, who was asleep, awakened and told her he had swerved off the road and into the ditch attempting to avoid a deer. He admitted to being the driver of the vehicle. The defendant stated the accident occurred at about 2:40 p.m. While questioning the defendant, the officer observed that he appeared impaired. She noticed a strong odor of alcohol, slurred speech, and red, blood-shot eyes, and thus she arrested the defendant for driving under the influence. After his arrest, the defendant changed his story and stated that he was not driving the car.

Upon further investigation of the vehicle, Officer Palmer discovered six Budweiser beers in the front of the car. Officer Palmer further related that the defendant told her he began drinking Budweiser at approximately 1:00 p.m. that day, and he admitted to consuming a couple beers in Stokes County and one in Surry County. He told her that he drank the last beer approximately five miles from where the officer found the defendant in the ditch. When Officer Palmer questioned the defendant as to whether he was under the influence while driving, defendant stated, "If I said no I'd be a damn liar. If I said yes—." He then said "No."

Officer Palmer testified that the defendant later telephoned her at the police station, again admitting that he was driving the vehicle on the day in question.

From the defendant's admissions, from the direct evidence and from the circumstantial evidence, we find that the trial court had more than a scintilla of evidence on all the elements of the crime of impaired driving, and thus it did not err in sending the

charge to the jury. *See State v. Carter,* 15 N.C. App. 391, 393, 190 S.E.2d 241, 242 (1972) (guilt to the charge of impaired driving may be proven in whole or in part by circumstantial evidence).

We note in passing that the verdict form submitted to the jury avoided any possible confusion as to whether some, but not all, of the jurors thought the defendant guilty of impaired driving because of N.C.G.S. § 20-138.1(a)(1) and some, but not all, because of N.C.G.S. § 20-138.1(a)(2). The verdict form required the jury to denominate whether they unanimously found defendant guilty because of N.C.G.S. § 20-138.1(a)(1) or N.C.G.S. § 20-138.1(a)(2).

The defendant does not question the strength of the evidence of his intoxication. Rather, he argues that the State failed to provide more than a scintilla of evidence that he was driving the vehicle or that he was driving it while intoxicated. The facts that he was found behind the wheel of the vehicle without any other potential driver in sight, and his two admissions of having driven the vehicle are more than sufficient to place the issue of whether he was driving the vehicle before the jury.

As to whether he was intoxicated at the time he was driving, we note that he told Officer Palmer that the accident occurred only twenty minutes before she arrived on the scene. In fact, by the defendant's own admission, he had been drinking for the hour and forty minutes prior to running off the highway and in fact had consumed the last beer only a few minutes prior to running off the road. We also take into account his presence in a ditch. From these circumstances, as well as from his own admissions, a jury had substantial evidence from which to deduce that the defendant was driving a vehicle while impaired in violation of N.C.G.S. § 20-138.1(a)(1).

In addition, the State provided sufficient proof of defendant's violation of N.C.G.S. § 20-138.1(a)(2). Approximately two hours after the defendant drove, the State's breathalyzer test revealed a 0.21 blood/alcohol concentration. We find this test was administered within a relevant time which is defined as "[a]ny time after the driving in which the driver still has in his body alcohol consumed before or during the driving." N.C.G.S. § 20-4.01(33a). Since the defendant does not contend he consumed any alcohol after driving, we must assume, as evidently did the jury, that the alcohol measured during the breathalyzer test was consumed before or during the driving.

STATE v. HARRELL

[96 N.C. App. 426 (1989)]

B

[4]  We also find the evidence supported defendant's conviction of N.C.G.S. § 20-111(2) (1983) which makes it illegal for any person "to willfully display an expired license on a vehicle knowing the same to be expired." That the license had expired in 1985 was readily apparent by visual observation thereof, and thus the defendant was on notice of the violation. In addition, Officer Palmer related the defendant's admission of not having the vehicle properly registered.

C

[5]  Lastly, the defendant argues that he should not have been convicted of operation of a motor vehicle without financial responsibility since N.C.G.S. § 20-313 (1983) applies only to vehicle *owners*. We agree. That statute expressly applies to vehicle owners, and it does not mention any other persons who might operate a vehicle. The State failed to adequately prove the defendant owned the vehicle in question. The only evidence tending to prove his ownership was the defendant's statement to a wrecker crew demanding that they not remove "his" car. Such an "admission" is certainly insufficient to prove ownership absent "substantial independent evidence tending to establish its trustworthiness . . . ." *State v. Trexler*, 316 N.C. 528, 532, 342 S.E.2d 878, 880 (1986) (quoting *State v. Parker*, 315 N.C. 222, 236, 337 S.E.2d 487, 495 (1985)). The State presented no such corroborating evidence. On the contrary, Officer Palmer testified that her investigation revealed that someone else owned the vehicle. Thus, we find the trial court erred in failing to dismiss the charge of defendant's violation of N.C.G.S. § 20-313.

Accordingly, we find no error in the convictions of driving while impaired and displaying an expired license plate, and we reverse the conviction for no insurance and remand for resentencing.

No error—driving while impaired and displaying expired license or registration plate on a vehicle.

Reversed—operation of a motor vehicle without financial responsibility.

Remanded.

Judge BECTON concurs.

Judge PHILLIPS concurs in the result.